1
2
3
4

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2022

SEAN F. McAVOY, CLERK

5
6
7
8
9

UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF WASHINGTON

11

| | |
|---|---|
| DAVID B., | No. 1:21-cv-03009-SMJ |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| KILOLO KAJAKAZI, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

12
13
14
15
16
17
18
19
20
21
22

Before the Court are the parties' cross-motions for summary judgment. ECF

23

Nos. 13, 14. Attorney D. James Tree represents David B. (Plaintiff); Special

24

Assistant United States Attorney David Burdett represents the Commissioner of

25
26

Social Security (Defendant). After reviewing the administrative record and the briefs

27
28

filed by the parties, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits on March 21, 2016, alleging disability since August 1, 2014, due to back pain, bilateral shoulder injury/pain, bilateral hip injury/pain, neck pain, and obesity. Tr. 243-44. The application was denied initially and upon reconsideration. Tr. 298-300, 302-07. An Administrative Law Judge (ALJ) held a hearing on December 19, 2017, Tr. 45-74171-96, and issued an unfavorable decision on June 20, 2018, Tr. 270-84. The Appeals Council remanded the claim for correction of technical errors on November 5, 2019. Tr. 290-93.

A different ALJ held a remand hearing on August 13, 2020, Tr. 197-222, and issued an unfavorable decision on September 2, 2020. Tr. 15-28. Plaintiff requested review from the Appeals Council and the Appeals Council denied the request for review on December 7, 2020. Tr. 1-5. The ALJ's September 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 20, 2021. ECF No. 1.

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## STATEMENT OF FACTS

Plaintiff was born in 1971 and was 43 years old as of his date last insured in March 2015. Tr. 26. He dropped out of high school and was never able to complete his GED requirements. Tr. 701. He worked for over a decade as a truck driver until September 2009, when he was in a work-related motor vehicle accident that resulted in injuries to Plaintiff and the death of another motorist. Tr. 580-81. He briefly returned to work at light duty but was unable to sustain the job. Tr. 592. Following the accident, Plaintiff was treated conservatively for back, neck, and hip pain. Tr. 571-80. He has not worked since 2009. He previously applied for disability benefits in 2012 and was denied in a 2014 ALJ unfavorable decision. Tr. 226-37.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 3

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 404.1520(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can

make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On September 2, 2020 the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity from the alleged onset date through the date last insured of March 31, 2015. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease vs. cervical, thoracic, and lumbar strain, affective disorder, somatoform disorder, and borderline intellectual functioning. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19-20

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform work at the light exertional level, except:

The claimant could occasionally climb ladders, ropes, or scaffolds. The claimant could occasionally stoop, kneel, crouch,

or crawl. The claimant needed to avoid concentrated exposure to hazards.

The claimant could carry out simple, routine tasks. The claimant could work in proximity to coworkers, but no tandem tasks requiring cooperative effort. The claimant could perform work that did not require interaction with the general public.

Tr. 20.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a sales route driver. Tr. 26.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of cleaner housekeeping, marker, and cafeteria attendant. Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date last insured. Tr. 27-28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly discounting Plaintiff's subjective complaints; and (2) improperly evaluating medical opinion evidence.

## DISCUSSION

### 1.    Plaintiff's Symptom Statements

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 13 at 6-10.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms

were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found Plaintiff's allegations regarding his physical condition were out of proportion to the imaging and exams and the opinions of his treating provider releasing him to light duty work. Tr. 21-22. The ALJ further found Plaintiff's mental allegations to be inconsistent with mild exam findings and his lack of treatment for mental health complaints, and that his low intellectual functioning was a life-long condition that had not prevented him from working prior to his accident. Tr. 22-23. Finally, the ALJ noted evidence of symptom magnification and providers opining Plaintiff's subjective reports were in excess of the objective findings. Tr. 23.

Plaintiff argues the ALJ erred in evaluating his reports, asserting that the nature of his somatic disorder is that he experiences pain that cannot be explained by objective medical findings, thus undermining the ALJ's analysis with respect to the exam results and Plaintiff's exaggerated symptom complaints. ECF No. 13 at 6-10. Defendant argues the ALJ offered numerous valid bases for disregarding the extent of Plaintiff's symptom allegations, including a lack of support from the objective findings, contrary medical source opinions, a lack of treatment for mental health problems, and evidence of Plaintiff's disability conviction. ECF No. 14 at 3-11.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court finds the ALJ did not err. The ALJ reasonably found the record to be unsupportive of the extent of Plaintiff's physical allegations. Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The record contains ample evidence from various medical sources that Plaintiff was capable of performing light-level work and was claiming physical limitations in excess of the findings on exams. Tr. 21-22, 572-74, 589, 3727-28. While some sources attributed this behavior to Plaintiff's somatic symptom disorder, the ALJ had substantial evidence to support his conclusion that Plaintiff's reports were unreliable, even if this did not indicate any conscious intent to deceive. Tr. 709-10, 589, 611-12, 3727-28, 3749-51.

The ALJ reasonably found that the lack of psychiatric treatment or medication, or reports of any emotional or cognitive problems during the relevant period further undermined any claims of disability based on mental health or cognitive impairment. "If a claimant complains about disabling pain but fails to seek treatment, or fails to follow prescribed treatment, for the pain, an ALJ may use such failure as a basis for finding the complaint unjustified or exaggerated...." *Orn v. Astrue,* 495 F.3d 625, 638 (9th Cir.2007).

Finally, the ALJ noted that multiple examining doctors felt Plaintiff had a disability conviction or lacked motivation or belief that he could return to work. This was a relevant factor for the ALJ to consider in assessing the reliability of Plaintiff's complaints. For purposes of Social Security disability, a claimant's inability to work must stem from a medically determinable physical or mental impairment, not simply from their own beliefs. 20 C.F.R. § 404.1505.

The Court finds the ALJ offered clear and convincing reasons for discounting the extent of Plaintiff's alleged limitations.

## 2.    Medical Opinion Evidence

Plaintiff argues the ALJ improperly rejected the opinion from consultative examiner Donald Williams and afforded undue weight to the independent medical examiner Rebecca Fischer. ECF No. 13 at 10-16.

When an examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer their conclusions,

they "must set forth [their] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### a.    Dr. Williams

In May 2014, Plaintiff attended a consultative psychological exam with Dr. Donald Williams, in connection with his prior application for Social Security disability benefits. Tr. 696. Dr. Williams reviewed some records and conducted a clinical interview and objective testing, and diagnosed Plaintiff with somatic symptom disorder, unspecified depressive disorder, unspecified anxiety disorder, and borderline intellectual functioning. Tr. 709. He opined Plaintiff was most limited by his intellectual functioning and his pain disorder associated with psychological factors and a general medical condition, and noted that his lack of sophistication and cognitive limitations resulted in him channeling much of his emotional distress into pain complaints. Tr. 710. Dr. Williams found Plaintiff to be markedly limited in his ability to understand and remember detailed instructions, maintain attention and concentration for extended periods, respond to change, set realistic goals, perform within a schedule, maintain regular attendance, complete a normal workday or work week without interruption from psychiatric symptoms, and perform at a consistent pace without an unreasonable number and length of breaks. 710.

The ALJ gave this opinion little weight, noting it predated the relevant period, was issued during a period that was already adjudicated, and was contrary to the

opinion of Dr. Fischer. Tr. 24-25. The ALJ further found the opinion inconsistent with treatment notes showing only mild mental status findings, and documenting no significant mental complaints during the relevant period. *Id.* Finally, the ALJ found the opinion relied on Plaintiff's self-reports, which were not reliable. *Id.*

Plaintiff argues the ALJ erred, as the opinion was offered only a couple of months prior to the current relevant period, and reflected Plaintiff's long-standing impairments, and thus was still relevant a few months after the exam was completed. ECF No. 13 at 12. Plaintiff further argues Dr. Fischer's opinion only discussed PTSD, which was the only condition accepted for Plaintiff's worker's compensation claim, and thus the opinion did not contradict Dr. Williams' opinion. *Id.* at 13. Finally, Plaintiff argues the mild objective findings the ALJ identified did not relate to the somatic symptom disorder that Dr. Williams found was the primary factor limiting Plaintiff's abilities and that Dr. Williams did not unduly rely on Plaintiff's subjective reports. *Id.* at 14-16. Defendant argues the ALJ reasonably found Dr. Williams' opinion to be of minimal value based on the fact that it was from prior to the relevant period, had already been considered by the previous ALJ, was inconsistent with unremarkable mental health records, and was based in part on Plaintiff's unreliable self-reports. ECF No. 14 at 11-16.

The Court finds the ALJ did not err. An ALJ may reasonably consider a medical opinion's consistency with the record as a whole. 20 C.F.R. §

404.1528(c)(4). The ALJ noted the lack of significant mental health findings throughout the relevant period, and found Dr. Williams' opinion to be inconsistent with the lack of complaints regarding mental health. Tr. 24. A doctor's opinion may also be discounted if it is "based to a large extent on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008). As discussed above, the ALJ gave sufficient reasons for finding Plaintiff's subjective allegations to be unreliable. The ALJ's interpretation of Dr. Williams' opinion as relying in part of Plaintiff's self-reported symptoms and limitations is a reasonable interpretation of the record. While Plaintiff offers a different explanation regarding the nature of his somatic disorder, the Court finds the ALJ's interpretation is supported by substantial evidence.

Finally, the Court notes that Dr. Williams' report was submitted to and discussed by the prior ALJ in connection with Plaintiff's previous application for SSD benefits. Tr. 234. That ALJ assigned very little weight to Dr. Williams' opinion as it conflicted with other evidence of record and Plaintiff's daily activities. *Id.* The Court acknowledges that the previous adjudication has become final and has *res judicata* effect for the previously adjudicated period. *Lester v. Chater*, 81 F.3d 821 (9th Cir. 1995).

### b.    Dr. Fischer

In September 2014 Plaintiff attended a psychological independent medical exam with Dr. Rebecca Fischer for his worker's compensation claim. Tr. 591-612. Dr. Fischer noted the only accepted psychological condition for purposes of the worker's compensation claim was PTSD. Tr. 591. She found additional diagnoses of unspecified depressive disorder and somatic symptom disorder with predominant pain, but noted that they were not caused or exacerbated by the work-related injury. Tr. 611-12. Dr. Fischer found Plaintiff did not endorse any current symptoms of PTSD, and was able to work on a full-time basis with respect to that condition. Tr. 612.

The ALJ gave this opinion partial weight, noting it was consistent with the overall evidence, including the lack of mental health treatment or complaints during the relevant period, but noted that Dr. Fischer did not offer an opinion about Plaintiff's residual functional capacity. Tr. 25.

Plaintiff argues this opinion was not entitled to any weight because it was limited to the effects of PTSD, a condition that was in remission and that the ALJ found to be non-severe, and did not comment on any of Plaintiff's actual severe impairments. ECF No. 13 at 16. The Court finds no error, as the ALJ acknowledged that Dr. Fischer did not offer any functional limitations, and thus her opinion was

not entitled to more weight. Tr. 25. There is no harm in the ALJ acknowledging the opinion with respect to Plaintiff's lack of PTSD symptoms.

**3.    Vocational Counselor**

Plaintiff argues the ALJ erred in disregarding the opinions from Plaintiff's vocational counselor, Kaethe Long. ECF No. 13 at 16-19.

An ALJ may discount the opinion of an "other source," such as a vocational counselor or other lay witness, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

In July 2014, Ms. Long issued a report regarding closing Plaintiff's vocational services due to his lack of employability. Tr. 2075. She noted that given his physical and mental limitations and his inability to obtain his GED, there were no occupations he could be placed in. 2075-83.

The ALJ gave little weight to Ms. Long's report, noting she was not a medical source, the assessed physical limits were based on a physical capacity evaluation performed in 2011, and that the mental functional opinion relied on Dr. Williams' report, which the ALJ had assigned little weight to. Tr. 25. The ALJ further noted that Plaintiff's lack of a GED was a vocational issue, not a medical factor, and that the issue of whether there are jobs an individual can perform is an issue reserved to the Commissioner. *Id.*

Plaintiff argues the ALJ erred in rejecting this opinion, asserting the 2011 physical capacity assessment was largely consistent with the RFC the ALJ found, the ALJ improperly rejected Dr. Williams' opinion, and that Plaintiff's inability to obtain a GED was a part of his intellectual and psychological symptoms. ECF No. 13 at 16-19. Defendant argues the ALJ's rationale easily met the germane standard, as Ms. Long relied on evidence with minimal relevance to Plaintiff's functioning and she relied on non-medical factors in reaching her conclusion. ECF No. 14 at 18-20.

The Court finds the ALJ offered germane reasons for discounting Ms. Long's opinion. As discussed above, the ALJ gave sufficient reasons for discounting Dr. Williams' opinion, and thus reasonably also discounted Ms. Long's opinion for being based on the limitations assessed by Dr. Williams. The ALJ also accurately found that the issue of the application of vocational factors, including whether there are any jobs a claimant can perform, is an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d). The ALJ offered germane reasons for discounting Ms. Long's opinion.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Accordingly, **IT IS HEREBY ORDERED:**

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 16

**1.**    Defendant's Motion for Summary Judgment, **ECF No. 14**, is

**GRANTED**.

**2.**    Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**.

**3.**    The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE**

this file.

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide

copies to all counsel.

**DATED** this 11th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 17